UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICELIA MENDOZA SANTOS and JAIME MENDOZA SANTOS,<br>Petitioners,<br>v.<br>WARDEN, CALIFORNIA CITY DENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-08679-DAD-AC<br><br>ORDER GRANTING AMENED PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONERS' MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 5, 6) |

On October 22, 2026, petitioner Ericelia Mendoza Santos filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging her detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) The next day, petitioner filed an amended petition, which included her brother Jaime Mendoza Santos as an additional petitioner.

/////

/////

/////

/////

/////

/////

(Doc. No. 5.)[1] That same day, petitioners filed a motion for temporary restraining order requesting their immediate release. (Doc. No. 6.) On October 26, 2026, the court set a briefing schedule as to petitioners' motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 7.) In that same order, the court directed that in the event respondents opposed the court ruling on the underlying petition based on the current briefing before it, respondents were to so indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

On October 28, 2026, respondents filed an opposition to petitioners' motion for temporary restraining order. (Doc. No. 8.) Therein, respondents do not object to the court ruling on the merits of the *habeas* petition. (*Id.* at 1.) Respondents further concede that this case is not substantively distinguishable from the cases cited in the court's October 26, 2026 (Doc. No. 7).[2] (Doc. No. 8 at 1.) Still, respondents argue that petitioner Ericelia Medoza Santos is lawfully detained pursuant to 8 U.S.C. § 1226(a) and is entitled only to seek a custody redetermination hearing. (*Id.*)

/////

---

[1] "Under Rule 15, Petitioner had a right to amend his Petition within 21 days of service, or 21 days after service of a responsive pleading." *Jesus v. Santacruz*, No. 5:26-cv-02181-AH-BFM, 2026 WL 1947628, at *1 (C.D. Cal. July 2, 2026) (citing Fed. R. Civ. P. 15(a)(1)). Accordingly, petitioners' amended petition was timely filed according to Rule 15(a)(1)(A) and "effectively replaces the original petition." *Escobar v. Chestnut*, No. 1:25-cv-01801-DJC-EFB, 2026 WL 622121, at *1 (E.D. Cal. Mar. 5, 2026), *report and recommendation adopted as modified*, No. 1:25-cv-01801-DJC-EFB (HC), 2026 WL 1069797 (E.D. Cal. Apr. 20, 2026). Furthermore, joinder of petitioners' claims is warranted here given that "[n]umerous courts in this circuit have adjudicated habeas petitions with multiple immigration detainee petitioners." *Flores Flores v. Noem*, No. 1:26-cv-01658-KES-SKO (HC), 2026 WL 616467, at *1 n.2 (E.D. Cal. Mar. 4, 2026) (collecting cases); *see also Singh v. Warden of Golden State Annex Det. Facility*, No. 1:26-cv-00353-KES-EPG (HC), 2026 WL 388738, at *2 (E.D. Cal. Feb. 11, 2026) ("[G]iven the extremely high volume of immigration habeas cases in this District and the similarity of issues in hundreds of cases, judicial economy weighs heavily in favor of permitting similarly situated petitioners to join in a single action when respondents do not point to any relevant factual or legal distinctions between the petitioners' claims.").

[2] Respondents do not acknowledge or address the amended petition's arguments pertaining to petitioner Jaime Mendoza Santos. (Doc. No. 8.)

Based on the parties' briefing, the court finds the following facts. In 2012, petitioner Ericelia Mendoza Santos entered the United States as an unaccompanied minor. (Doc. No. 5 at ¶ 11.) She was arrested by Border Patrol and detained for a short period of time before being released to a family member. (*Id.*) She was re-detained outside her home on or about October 20, 2026, apparently without a warrant, notice of the reason for her re-detention, or an opportunity to contest that re-detention. (*Id.* at ¶ 12; Doc. No. 8 at 4.)

Petitioner Jaime Mendoza Santos entered the United States without inspection at an unknown date. (*See* Doc. No. 5 at ¶ 17). He has not been previously detained by ICE. (*Id.*) He was detained with petitioner Ericelia Mendoza Santos outside her home on October 20, 2026, also apparently without a warrant or an initial custody determination. (*Id.* at ¶¶ 19–21.)

The court incorporates and adopts the reasoning set forth in its prior order *Pedro v. Warden, Cal. City Immigration Processing Ctr.*, No. 1:26-cv-04268-DAD-SCR (HC), 2026 WL 1694702, at *1 (E.D. Cal. June 11, 2026), in which this court concluded that the petitioner's prior release by immigration authorities as an unaccompanied minor created a liberty interest in the petitioner's continued release and that, in light of his prior release as an unaccompanied minor, he could only be detained pursuant to 8 U.S.C. § 1232. Because petitioner Ericelia Mendoza Santos entered the United States as an unaccompanied minor, she was entitled to a pre-deprivation hearing prior to any re-detention and immediate release is the appropriate remedy. *See id.*

Furthermore, as to petitioner Jaime Mendoza Santos, the court incorporates its prior reasoning set forth in *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026), in which the court determined that when the government fails to arrest a petitioner following or contemporaneously with the issuance of a warrant or provide a petitioner with an initial custody determination either prior to or contemporaneously with detention, as required by § 1226(a), immediate release is the appropriate remedy. Here, there is no evidence before the court that petitioner Jaime Mendoza Santos was provided an initial custody determination or that he was arrested pursuant to a warrant. Therefore, petitioner Jaime Mendoza Santos is entitled to habeas relief and the court will also order his immediate release.

For the reasons explained above,

1. Petitioners' amended petition for writ of habeas corpus (Doc. No. 5) is GRANTED as follows:

    a. Respondents are ORDERED to immediately release petitioner Ericelia Mendoza Santos, A-File No. 240-174-192, from respondents' custody on the conditions, if any, she was subject to prior to her re-detention on October 26, 2026;

    b. Respondents are ORDERED to immediately release petitioner Jaime Mendoza Santos, A-File No. not provided, from respondents' custody on the conditions, if any, he was subject to prior to his detention on October 26, 2026;

    c. Respondents are ENJOINED AND RESTRAINED from re-detaining both petitioners for any purpose, absent exigent circumstances, without providing petitioners notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden to demonstrate that petitioners are a danger to the community or a flight risk by clear and convincing evidence;

2. Petitioners' motion for temporary restraining order (Doc. No. 6) is DENIED as having been rendered moot by this order granting *habeas* relief;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility and the Mesa Verde Detention Facility; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioners and to close this case.

IT IS SO ORDERED.

Dated: **October 30, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE